1UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

CAROLYN RAFAELIAN, INDIVIDUALLY and : 
as trustee of THE CAROLYN A. FERLISE QSST :
1994 TRUST and THE CAROLYN A. :
RAFAELIAN TRUST 2004, and derivatively on :
behalf of Cinerama Jewelry, Inc. and Pentagon :
Properties, Inc. :
            :
    *Plaintiffs,* :
            :
        v. : C.A. No.: 1-26-cv-00293
            :
REBECCA RAFAELIAN CARUOLO, :
individually and in her role as trustee of The :
Rebecca Rafaelian Caruolo QSST 1994 Trust and :
The Rebecca Rafaelian Caruolo Trust 2009, :
PRODUCTIVE COLLABORATION, LLC, :
CINERAMA JEWELRY, INC. (Nominal :
Defendant), and PENTAGON PROPERTIES, INC. :
(Nominal Defendant) :
            :
    *Defendants.* :

**DEFENDANT PRODUCTIVE COLLABORATION, LLC'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED VERIFIED COMPLAINT**

For the reasons set forth below, Defendant Productive Collaboration, LLC, d/b/a as Air

and Anchor ("PCLLC") submits its Reply Memorandum in further support of its motion to

dismiss ("Motion") Plaintiff Carolyn Rafaelian's ("Carolyn" or "Plaintiff") Amended Verified

Complaint ("AVC")[1]:

On June 11, 2026, PCLLC filed its motion to dismiss (Dkt. No.25) Carolyn's multi-count

AVC, whereby she purports to maintain counts derivatively and individually against Defendants.

PCLLC joined and incorporated Defendant Rebecca Rafaelian Caruolo's ("Rebecca") motion to

---

[1] The parties also refer to the amended complaint as the First Amended Complaint ("FAC") in filings.

1

dismiss ("Rebecca's Motion") (Dkt. No. 13) filed on May 11, 2026, and reply memorandum in further support of her motion ("Rebecca's Reply") (Dkt. No. 24) filed on June 5, 2026. Similarly, Defendant Pentagon Properties, Inc., ("Pentagon") filed a motion to dismiss (Dkt. No. 23) on May 29, 2026. Also, Defendant Cinerama Jewelry, Inc., ("Cinerama") filed a motion to dismiss (Dkt. No. 27) on June 18, 2026. Pentagon and Cinerama joined in Rebecca's Motion and Reply, incorporating the arguments in support of their motions to dismiss. All motions seek dismissal of counts, whether plead derivatively or individually by Carolyn. PCLLC seeks dismissal of counts III, V, VII (sic), IX, X, XI, XII and XIII, which are the counts directed at it.

## I.      ARGUMENT

### A.      All Derivative Claims Should Be Dismissed

Carolyn's response in opposition ("Carolyn's Opposition") to PCLLC's Motion attempts to cast her litigation as a straightforward family business dispute, however, her AVC and Defendants' motions belie this characterization. Regardless of how she chooses to portray her lawsuit, it does not, and should not, involve PCLLC.

Carolyn's Opposition fails to address the fundamental procedural and legal deficiencies that mandate dismissal of her AVC. As demonstrated by Rebecca's Motion and Reply, which PCLLC joins, Carolyn's pursuit of simultaneous, contradictory individual and derivative claims, coupled with her active litigation against the entities she purports to represent, renders her an inadequate representative under Fed. R. Civ. Pro. 23.1. Carolyn's attempt to characterize the Rule 23.1 adequacy inquiry as purely fact-intensive, requiring discovery, does not shield her AVC from dismissal where, as here, the conflicts are obvious on the face of her complaint.

Carolyn acknowledges that she has sued Cinerama for eviction. The lawsuits against the company constitute significant outside entanglements that support disqualification. Carolyn's

attempt to dismiss this as a "stayed" proceeding ignores the underlying fact that her personal interests are in direct opposition to the corporate interests she seeks to represent.  Also, Carolyn's status as a minority, non-voting shareholder, does not grant her an unfettered right to sue derivatively.  Rule 23.1 requires that the plaintiff fairly and adequately represent similarly situated shareholders.  As Rebecca noted, there are no other shareholders who are similarly situated in this case.  Carolyn is effectively representing only herself, which is the situation Rule 23.1 is designed to prevent.

Also, Rebecca's position is reinforced by Cinerama, which filed its own motion to dismiss and joined in Rebecca's motion to dismiss, arguing that Carolyn cannot fairly and adequately represent Cinerama, Count IV demonstrates Carolyn's conflict and the lack of a plausible claim against Cinerama, and Carolyn's efforts to evict Cinerama and disregard its corporate existence further confirms her inability to represent it.  *See* Dkt. No. 27.  Moreover, Pentagon filed a motion to dismiss, which adopted and incorporated Rebecca's arguments.

Additionally, Carolyn's simultaneous individual and derivative claims create an impermissible conflict.  Carolyn contends that her personal injuries are independent of corporate harm.  This argument should fail.  A comprehensive reading of the AVC completely undermines this argument.  By asserting parallel individual and derivative claims, there is a structural conflict where she is incentivized to prioritize her personal recovery at the expense of the corporation's recovery.

PCLLC again joins Rebecca's Motion and Reply, in addition to Cinerama's motion to dismiss,  and incorporates all arguments in support of dismissal of Counts III, V, VII (sic), IX, XI, XII, XIII) Against PCLLC because Plaintiff is Disqualified Under Fed. R. Civ. P. 23.1.

 **B.**  **Carolyn's Individual Claims Should Also Be Dismissed For The Reasons in PCLLC's Motion**

PCLLC's Motion also addressed counts plead individually by Carolyn, including count for conversion and intentional interference with a prospective economic advantage, injunctive relief, and appointment of a receivership, and claiming violation of the Lanham Act.  These counts and arguments were addressed by Rebecca's Motion to Dismiss and Reply, which PCLLC adopted and incorporated.  PCLLC briefly addresses here.

**1.    Count III (Conversion) & Count X (Intentional Interference With Prospective Economic Advantage)**

PCLLC's Motion requested that the Court dismiss Counts III and X insofar as Carolyn seeks to enforce rights other than her own <u>or</u> seeks to apply conversion claims to intangible property.  Count III for Conversion is plead "Individually and Derivatively of Cinerama Against Rebecca and [PCLLC]."  It is the same count and same allegations against Rebecca and PCLLC. It is clear from Carolyn's Opposition that she seeks to apply her conversation claim to intangible property.  Rebecca argues in her Reply to Carolyn's motion that *Narragansett Elec. Co., v. Carbone*, 898 A.2d 87 (R.I. 2006) and *Montecalvo v. Candarelli*, 682 A.2d 918 (R.I. 1996) make clear that conversion of an intangible asset (like electricity) can only lie if that asset is "manifested by a tangible instrument, such as a written agreement, a bankbook, or a promissory note, that may be in turn, be converted."  *Narragansett Elec. Co*. 898 A.2d at 9 (quoting Montecalvo, 682 A.2d at 929).  But that is not what Carolyn is alleging or claiming in her AVC. As noted, Carolyn cites no caselaw supporting conversion of "goodwill" or "business identity."

Also, Carolyn's Opposition suggest that "alternative theories of liability remain available" and cites the First Circuit, in *Ed Peters Jewelry Co., v. C&J Jewelry Co.*, 51 F. Supp., 2d 81, 99 (D.R.I. 1999)(quoting *Ed Peters Jewelry Co., v. C&J Jewelry Co.*, 124 F.3d 252, 258 (1st Cir. 1997)) "that a breach of fiduciary duty need not amount to a conversion in order to be

actionable." However, Carolyn has not alleged a breach of fiduciary duty against PCLLC, and has not identified how, if the Court were to narrow the scope of the conversion claim, as she appears to suggest, that it would remain actionable under the AVC's other counts.

Lastly, with respect to the argument that Count X of the AVC is not time-barred, PCLLC relies on the arguments from Rebecca's Motion and Reply.

### 2.    Count XI (Appointment of a Temporary and Permanent Receiver) and Count XII (Preliminary and Permanent Injunction)

Carolyn argues that these Counts XI and XII are "properly understood" as remedies. She concedes that these are not independent causes of action, without any explanation as to why they have been improperly pleaded as independent, standalone causes of action. She states, in her opposition, that she does not contend that Counts XI and XII state standalone causes of action. That should be the end of the analysis, the counts should be dismissed.

Carolyn goes on to argue that the receivership standing argument does not warrant dismissal with prejudice. She concedes that the statute is limited to shareholders, creditors, and the attorney general, none of which apply to Plaintiff, with no explanation as to why it has been pleaded as a cause of action. Also, Carolyn's Opposition makes the blanket statement that "the FAC alleges that PCLCC is the alter ego of Rebecca and that the corporate veil should be pierced" while the AVC alleges that PCLLC is the alter ego of Cinerama. Regardless, the AVC seeks appointment during the pendency of the action, not in aid of a judgment. The statute does not afford this type of relief requested in the AVC, nor does it provide equity. There appears to be no dispute that Counts XI and XII should be dismissed.

### 3.    Count IX (Violation of Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a)(1), False Association/Designation of Origin and False Advertising))

Carolyn has plead Count IX individually and derivatively of Cinerama against PCLCC

5

only.  The derivative claim is subject to Rule 23.1 and has been addressed by all Defendants and should be dismissed.  Carolyn's attempt to leverage the Lanham Act individually to support her claims is legally insufficient and does not overcome the fundamental defects in the AVC.

Carolyn is attempting to make claims of Cinerama, for which she has no standing to do. Rebecca and Cinerama have moved to dismiss her AVC, which underscores the lack of standing. Also, Carolyn has made no plausible allegations to satisfy the two-part *Lexmark* zone of interests requirement.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (to have standing, plaintiff must have suffered or be imminently threatened with a concrete and particularized "injury in fact" that is fairly traceable to the defendant's conduct and likely to be redressed by a favorable decision).  Further, she has not alleged any direct link between a consumer's reliance on PCLLC's conduct and specific harm to her.

Carolyn is circumventing the standing requirements by characterizing her personal grievances as a Lanham Act violation.  Her allegations, that the defendants used corporate assets to create a "knockoff" brand are distinct from the harm a plaintiff must suffer to have standing under the Lanham Act.

Carolyn relies on *Clemente Properties, Inc. v. Pierluisi-Urrutia*, 165 F.4th 1 (1st Cir. 2026) in support of her assertion that the AVC adequately pleads false association.  However, the touchstone of a false association claim remains the likelihood that consumers will be confused as to the source or sponsorship of goods or services.  Carolyn's complaint must allege specific, plausible facts, not mere conjecture, indicating that consumers were mislead into believing the plaintiff was the source of, or endorsed, PCLLC's goods.  Carolyn fails to satisfy the *Clemente* standard because she has not sufficiently alleged that the PCLLC's specific use of the name or image caused the type of consumer confusion that results in direct commercial harm to her.

Count IX should be dismissed.

### 4.    Dismissal With Prejudice

Lastly, Carolyn argues that if the Court grants PCLLC's motion to dismiss, then the dismissal should be without prejudice.  She made the same argument in response to Rebecca's Motion.  PCLLC agrees with Rebecca's Reply, that this is not a pleading issue, but rather a structural issue that no amount of revising will cure.  PCLLC adopts Rebecca's position.

## II.    CONCLUSION

For the foregoing reasons, the Court should grant PCLLC's Motion to Dismiss.

Respectfully submitted,
PRODUCTIVE COLLABORATION, LLC
By Its Attorneys,


*/s/ Christopher J. O'Connor*
Christopher J. O'Connor, Esq. (#5078)
Joseph V. Cavanagh, III, Esq. (#6907)
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Tel: (401) 831-8900
Fax: (401) 751-7542
cjo@blishcavlaw.com
jvc3@blishcavalaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, the foregoing document was filed electronically and made available for viewing and downloading from the Court's Electronic Case Filing System by all counsel of record.


*/s/ Christopher J. O'Connor*

7