UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROLYN RAFAELIAN, INDIVIDUALLY and as trustee of THE CAROLYN A. RAFAELIAN TRUST 2004, and derivatively on behalf of CINERAMA JEWELRY, INC. and PENTAGON PROPERTIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>REBECCA RAFAELIAN CARUOLO, individually and in her role as trustee of THE REBECCA RAFAELIAN QSST 1994 TRUST and THE REBECCA RAFAELIAN CARUOLO TRUST 2009, PRODUCTIVE COLLABORATION, LLC, CINERAMA JEWELRY, INC., and PENTAGON PROPERTIES, INC.<br><br>Defendants. | C.A. No. 26-cv-293-MSM-AEM |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

Before the Court are the Motions to Dismiss of defendants Rebecca Rafaelian (ECF No. 13), Pentagon Properties, Inc. (ECF No. 23), Productive Collaboration, LLC (ECF No. 25), and Cinerama Jewelry, Inc. (ECF No. 27). For the following reasons, the Court GRANTS Defendant Productive Collaboration, LLC's Motion to Dismiss on the plaintiffs' Lanham Act claims and REMANDS the remaining state-law claims to Rhode Island Superior Court.

## I. BACKGROUND

This case arises out of a commercial dispute over the assets owned by the Rhode Island-based jewelry companies—Cinerama and Pentagon Properties. The plaintiff, Carolyn Rafaelian, brings this action on behalf of: (1) herself; (2) as trustee of the Carolyn A. Ferlise QSST 1994 Trust; (3) as trustee of the Carolyn A. Rafaelian Trust 2004; (4) derivatively on behalf of Cinerama Jewelry, Inc.; and (5) derivatively on behalf of Pentagon Properties, Inc. (collectively "Plaintiffs") against the following defendants: (1) Carolyn's sister, Rebecca Rafaelian Caruolo in her individual capacity; (2) Rebecca, as trustee of the Rebecca Rafaelian Caruolo QSST 1994 Trust; (3) the Rebecca Rafaelian Caruolo Trust 2009; (4) Productive Collaboration, LLC; (5) Cinerama Jewelry, Inc.; and (6) Pentagon Properties, Inc. (collectively "Defendants"). (ECF No. 1-1 at 4-5.)

Plaintiffs allege that Defendants have misappropriated the assets and real estate of the companies Cinerama and Pentagon, which their late father founded in the 1960s. *Id.* at 5-19. Specifically, Plaintiffs allege that—as minority shareholders—they cannot prevent Defendants from misusing corporate assets that Plaintiffs and Defendants both own. *Id.* Plaintiffs also contend that Defendants have used the assets of both Cinerama (referred to by the parties as "the Factory") and Pentagon in order to support a business named Air & Anchor, which is controlled through a separate entity named Productive Collaboration, LLC. *Id.* Plaintiff Carolyn *herself* appears to have used these same corporate resources in the past in conjunction with her jewelry company—Alex + Ani. *Id.*

Based on Defendants' alleged misuse of Cinerama and Pentagon's assets, which include a physical warehouse in Cranston Rhode Island and a variety of supplies used to make jewelry, Plaintiffs contend that—as shareholders—they cannot prevent Air & Anchor from engaging in uncompetitive business deals with these companies, such as a lease agreement with below-market rent. *Id.*

Defendants' alleged misconduct has prompted Plaintiffs to seek relief from this Court based on the following theories: (1) Rebecca committed a breach of her fiduciary duties (Caryolyn brings this claim in her individual capacity and on behalf of the other Plaintiffs); (2) Rebecca wasted Cinerama and Pentagon's assets through her business arrangement Air & Anchor (Caryolyn brings this claim in her individual capacity and on behalf of the other Plaintiffs); (3) both Air & Anchor and Rebecca converted corporate assets; (4) a breach of contract between Cinerama and Pentagon took place in their lease agreement; (5) a breach of contract took place between Cinerama and Air & Anchor in their lease agreement; (6) state law civil liability exists for crimes and offenses based on Rebecca's conversion of corporate assets; (7) Rebecca's actions constitute a misappropriation of a corporate opportunity; (8)[1] Air & Anchor aided and abetted in breaching a fiduciary duty to Pentagon and Cinerama; (9) Air & Anchor violated the Lanham Act based on theories of false association/designation of origin and false advertising; (10) Defendants intentionally interfered with Plaintiffs' prospective economic advantage; (11) Defendants' actions

[1] Plaintiffs erroneously numbered this claim as a repeated count VII in their Complaint. ECG No. 1-1 at 23.

require the appointment of a temporary and permanent receiver for Air & Anchor; (12) Defendants' actions require a preliminary and permanent injunction preventing them from associating with Pentagon and Cinerama; and (13) Air & Anchor's actions with Cinerama unjustly enriched them. *Id.* at 20-26.

With respect to this matter's procedural history, Plaintiffs originally filed this action in state court. Shortly thereafter, Defendants removed it to this Court arguing that the Court possesses federal question jurisdiction to resolve this dispute based on the existence of count nine—Plaintiffs' claim that Air & Anchor violated the Lanham Act. (ECF No. 1 at 3.) Other than a request for damages in conjunction with their Lanham Act claim, no other basis for federal jurisdiction exists. *See generally* ECF No. 1-1. Defendants now move to dismiss.

## II. MOTION TO DISMISS STANDARD

When evaluating a motion to dismiss, the Court accepts all of the plaintiff's well-pleaded factual allegations as true and will draw all reasonable inferences when reviewing these allegations in that litigant's favor. *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (cleaned up). While Rule 8(a)(2) only requires a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" the Court will not accept a complaint that constitutes "a mechanistic recital of the elements." *Id.* (citing Fed. R. Civ. P. 8(a(2)) (cleaned up). Instead, the plaintiff's complaint must contain enough facts that state a facially plausible claim for relief. *Id.*

Critically, "[c]onducting a plausibility inquiry is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (cleaned up). "For a claim to withstand a motion to dismiss, it need not show that recovery is plausible, but it must show more than a sheer possibility of liability." *Id.* (cleaned up).

## III. DISCUSSION

Defendants' Motions to Dismiss presents a threshold issue that—from this Court's perspective—would allow the Court to resolve this dispute in its entirety. Defendant Productive Collaboration, LLC argues that Plaintiffs have failed to plausibly allege a violation of the Lanham Act. (ECF No. 25-1 at 11-14.) Consequently, the Court's dismissal of this claim—Plaintiff's exclusive basis for jurisdiction in federal court—would allow the remainder of this action to proceed in state court. *See Redondo Const. Corp. v. Izquierdo*, 662 F.3d 42, 49 (1st Cir. 2011) (explaining that courts dismissing federal claims before trial should also dismiss the remaining state-law claims without prejudice so that the plaintiff may file them in state court). Because of the dispositive nature of this issue, and that fact that Plaintiffs have failed to plausibly allege a violation of the Lanham Act, the Court limits its evaluation of Defendants' Motions to Dismiss to this issue.

### A. The Lanham Act

Congress passed the Lanham Act to combat a variety of conduct including trademark infringement, false advertising, and trademark dilution. *See* 15 U.S.C. § 1127. Primarily, the Lanham Act provides an individual with federal statutory

protection for trademarks. *See Clemente Properties, Inc. v. Pierluisi-Urrutia*, 165 F.4th 1, 12 (1st Cir. 2026). Despite its role in the intellectual property space, litigants may also bring claims under the Lanham Act even though the dispute does not involve a trademark. *Id.* at 13.

Here, Plaintiffs appear to allege two non-trademark violations of the Lanham Act—false association in violation of § 1125(a)(1)(A) and false advertising in violation of § 1125(a)(1)(B).[2] The Court will evaluate each theory in turn.

**B. False Association**

Plaintiffs first allege that Productive Collaboration, LLC violated § 1125(a)(1)(A) of the Lanham Act based on a theory of false association/designation of origin. (ECF No. 1-1 at 23-24.) To state a claim under this theory, plaintiffs must plausibly allege facts that show a likelihood of consumer confusion about the "affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." *Am. Bd. of Internal Med. v. Salas Rushford*, 114 F.4th 42, 64 (1st Cir. 2024). "Claims under this subsection typically involve attempts to appropriate the goodwill associated with a competitor, for example, by misappropriating a trademark or falsely implying an endorsement." *Id.* (citing *Flynn v. AK Peters, Ltd.*, 377 F.3d 13, 19 (1st Cir. 2004)) (cleaned up). When evaluating these claims, courts

[2] Confusingly, Plaintiffs appear to allege violations of two provisions of the Lanham Act (based on two separate theories) within a single Count in their Amended Complaint. (ECF No. 1-1 at 23-24.)

consider the likelihood of consumers mistaking one party's goods or services with that of another. *Id.*

Here, Plaintiffs have failed to plausibly allege facts that could show that Productive Collaboration, LLC (operating as Air & Anchor) has likely created consumer confusion regarding the affiliation, connection, or association of its goods (the jewelry it sells) with that of another (the goods located at Cinerama). While Plaintiffs take issue with Productive Collaboration's *use* of Cinerama's goods—as shown by their separate count for conversion—Plaintiffs' Amended Complaint fails to plausibly allege that Productive Collaboration, LLC has made false statements or misrepresentations regarding the *source* of its jewelry and its relationship with Cinerama or Pentagon. Indeed, Defendants' allegedly improper business relationship with these companies forms the basis of Plaintiffs' lawsuit. *Id.* at 65 (noting that the Lanham Act prohibits only false or misleading descriptions or representations of *fact* and that plaintiffs must allege a misrepresentation of fact in order to avoid dismissal).

Notwithstanding Plaintiffs' objection to Productive Collaboration, LLC's decision to market its relationship with Cinerama and Pentagon, Plaintiffs' Amended Complaint fails to plausibly allege that Productive Collaboration, LLC has created consumer confusion regarding its relationship with either Cinerama, Pentagon, or Alex + Ani. On the contrary, Plaintiff only takes issue with true, factual statements regarding Productive Collaboration, LLC's relationship with these companies and seeks to end their relationship itself, rather than to prevent Productive Collaboration, LLC from falsely claiming that it has associated with either of these companies or

falsely marketing that the goods that Productive Collaboration, LLC uses originates from these sources. Based on the lack of plausible allegations regarding consumer confusion contained in Plaintiffs' Amended Complaint, the Court dismisses Plaintiffs' claim for false association. *Id.* at 65.

**C. False Advertising**

Plaintiffs next allege that Productive Collaboration, LLC violated § 1125(a)(1)(B) of the Lanham Act based on a theory of false advertising. (ECF No. 1-1 at 23-24.) Section 1125(a)(1)(B) prevents "commercial advertising or promotion that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." *Am. Bd. of Internal Med.*, 144 F.4th at 64-65.

Here, similar to their false association claim, Plaintiffs appear to take issue with Productive Collaboration, LLC's *truthful* statements about their association with Cinerama and Pentagon. (ECF No. 1-1 at 23-24.) However, when plaintiffs seek to recover based on true statements in the false advertising context, courts require them to "shoulder the additional burden" of demonstrating that these true statements nevertheless have a likelihood of confusing consumers into believing a factual misrepresentation. *Am. Bd. of Internal Med.*, 144 F.4th at 65. What's more, in this context, plaintiffs must also show how consumers *actually reacted* to the challenged advertisements rather than allege how they *could* have reacted to them. *Id.* (citing *Clorox Co. P.R. v. Proctor & Gamble Com. Co*, 228 F.3d 24, 33 & 33n.6 (1st Cir. 2000)).

Even assuming that Plaintiffs' Amended Complaint plausibly alleges facts demonstrating that Productive Collaboration, LLC released misleading advertisements regarding its relationship with Cinerama and Pentagon, their Amended Complaint omits any allegation showing how consumers actually reacted to these advertisements. As a result, the Court dismisses Plaintiffs' claim for false advertising as well. *Id.*

Nevertheless, Plaintiffs resist the idea that their Amended Complaint fails to state a claim for a violation of the Lanham Act. Yet in response to the argument that Productive Collaboration, LLC's statements convey only truthful, factual remarks, Plaintiffs have failed to either: (1) direct the Court to a single allegation within their Amended Complaint that alleges a falsehood about Cinerama, Pentagon, or Alex + Ani; or (2) provide the Court with any binding authority that would allow its claim to avoid dismissal in this context. (ECF No. 28 at 8-9.)

Instead, Plaintiffs contend that the truth or falsity of these statements create a "factual inquiry" that prevents this Court from dismissing its Lanham Act claim in the context of a motion to dismiss. *Id.* Conveniently, Plaintiffs also fail to acknowledge recent First Circuit precedent where that Court determined that trial courts may dismiss Lanham Act claims when they fail to plausibly allege that a statement is false or misleading. *See Am. Bd. of Internal Med.*, 144 F.4th at 65 (affirming the dismissal of a Lanham Act claim and citing additional authority where a plaintiff failed to adequately allege a misleading representation of fact).

Even more concerning, Plaintiffs also fail to reckon with: (1) their "additional burden" to show that the Amended Complaint alleges how Productive Collaboration, LLC has used "literally true" statements to mislead or confuse consumers into believing a false representation of fact; and (2) in the context of their false advertising claim, the requirement that their Amended Complaint must show how consumers *actually reacted* to the advertisement in question. *Id.* Therefore, Plaintiffs' arguments against dismissal fail to meaningfully alter the Court's conclusion.

Based on the Court's dismissal of Plaintiffs' Lanham Act claim, it has no further basis for federal jurisdiction and declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Penate v. Hanchett*, 944 F.3d 358, 369-70 (1st Cir. 2019) (noting that the elimination of all federal claims before trial will usually direct the court toward declining to exercise jurisdiction over the remaining state-law claims). Here, this case has not progressed beyond the pleadings stage, and it contains several substantive state-law issues concerning the functionality and operation of closely held companies within the state of Rhode Island. As a result, the Court declines to exercise jurisdiction over the remaining state-law claims and remands them to the court where Plaintiffs originally filed.

## IV. CONCLUSION

For these reasons, the Court GRANTS Defendant Productive Collaboration, LLC's Motion to Dismiss Plaintiffs' claim for a violation of the Lanham Act (ECF No.

25) and REMANDS Plaintiffs' remaining state-law claims to the Rhode Island Superior Court for Newport County, sitting in the City of Newport.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

October 8, 2026